## Hanover Fire Ins. Co. v. Abner R. Orr, Assignee of Willis B. Cauble.

56b 621
56  628

56b 621
158s 149

56b 621
159s 187

## Citizens Fire Ins. Co. v. Abner R. Orr, Assignee of Willis B. Cauble.

1.  INSURANCE—*Transfer of the Property Avoids the Policy—Volun-
tary Assignments.*—A voluntary assignment for the benefit of creditors
by the insured of the property mentioned in a policy, containing a con-
dition that if the property or any interest therein be sold or transferred
or any change takes place (other than by death of the insured) in the

interest, title or possession, whether by legal process, judicial decree or voluntary transfer the policy shall be void, works a forfeiture of the insurance.

2. SAME—*Insured Must Have an Interest at the Time of the Loss.*—The insured can not recover unless he has an interest in the property at the time of the loss, and an absolute alienation works a forfeiture of the insurance whether so stipulated in the policy or not, if the property remains out of the insured at the time of the loss.

3. CONTRACTS—*Courts Do Not Insert Conditions.*—It is the judicial province to enforce the contract as the parties have made it, unless modified by waiver or estoppel, without inserting conditions which the parties have not made.

**Memorandum.**—Assumpsit. In the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Declaration on a policy of insurance; plea, general issue; jury waived; trial by the court; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1894, and reversed. Opinion filed February 11, 1895.

APPELLANTS' BRIEF, THOMAS BATES AND LAWRENCE & LAWRENCE, ATTORNEYS.

Appellants contended that under the conditions of the policy, the insurance was forfeited by a voluntary assignment of the property. Reaper City Ins. Co. v. Brennan, 58 Ill. 158; Dadmun Mfg. Co. et al. v. Worcester Fire Ins. Co., 11 Metc. (Mass.) 324; Young et al. v. Eagle Fire Ins. Co., 14 Gray (Mass.) 150; Perry v. Lorillard Fire Ins. Co., 61 N. Y. 214; Dey et al., Assignees, etc., v. Poughkeepsie Ins. Co., 23 Barb. (N. Y.) 623.

APPELLEE'S BRIEF, W. J. CALHOUN & H. M. STEELY, ATTORNEYS.

A general assignment for the benefit of creditors is not a violation of the conditions in a policy against alienation or change of title or interest. App. Iron Co. v. B. Am. Assurance Co., 46 Wis. 23; Phenix Ins. Co. v. Lawrence, 4 Met. (Ky.) 9; Fayette Co. Ins. Co. v. Neel (Pa. St.), 8 Ins. L. J. 265; Starkweather v. Cleveland Ins. Co., 2 Abb. (U. S.) 67; Lazarus v. Commonwealth Ins. Co., 19 Pick. (Mass.) 81; Gordon v. Mass. Fire & Marine Co., 2 Pick. (Mass.) 249.

Such a conveyance is only in trust, to apply the proceeds to the payment of the debts of the assignor and return the surplus or undisposed-of property to him.   Walker v. Ross, 150 Ill. 50; Farwell v. Nilson, 133 Ill. 45; Weber v. Mick, 131 Ill. 533; Burrill on Assignments, Secs. 2–3.

Any alienation which leaves in the insured an insurable interest, does not avoid the policy.   Ag'l Ins. Co. v. Clancey, 9 Brad. 137; Hanover Fire Ins. Co. v. Connor, 20 Brad. 297; Scammon v. Ins. Co., 20 Brad. 500; Assurance Co. v. Scammon, 126 Ill. 355; 1 May on Insurance, Sec. 264; Ayers v. Hartford Ins. Co., 17 Iowa, 176.

The naming in a policy of certain things as constituting an avoidance of the policy, is to be taken as the exclusion of all others.   Failure to name an assignment for benefit of creditors in these policies, was in effect saying that such a conveyance did not fall within the prohibited acts in the policy.   Commercial Ins. Co. v. Spankneble, 52 Ill. 53; Smith v. Ins. Co., 50 Me. 96; Masters v. Ins. Co., 11 Barb. 624; Rollins v. Ins. Co., 5 Foster, 204.

Provisions in policies in the nature of forfeitures are inserted for the benefit of the company, and are to be strictly construed against the insurer, and no intendments will be indulged in favor of a forfeiture thereunder. Rockford Ins. Co. v. Storig, 137 Ill. 646; Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Hoffman v. Ætna Ins. Co., 32 N. Y. 405; Raun v. Home Ins. Co., 59 N. Y. 387; Union Mut. Acc. Ass'n v. Frohard, 134 Ill. 228; German Ins. Co. v. Miller, 39 Ill. App. 633; Illinois Mut. Ins. Co. v. Hoffman, 31 Ill. App. 295; Paul v. Ins. Co., 112 N. Y. 472.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellant insurance companies issued to Willis B. Cauble a joint policy known as the "Underwriter's Policy" insuring said Cauble in the sum of $2,000 against loss by fire upon a two-story brick business building in the town of Sidell, Vermilion county, Illinois.   The building was destroyed by fire within the period covered by the policy.

On the 4th day of August, 1893, five days before the fire, the said Cauble made a voluntary assignment of all his property for the benefit of creditors to Abner R. Orr, the appellee, and delivered possession to said assignee on that day. At the date of the fire, judgments by confession had been entered against Cauble in the Circuit and County Courts of said Vermilion county, five in number and aggregating $1,497.18. These judgments were entered at different times between the 31st day of July and August 4th, inclusive, upon judgment notes previously given by said Cauble.

The policy provided that "if the property or any interest therein be sold or transferred or any change takes place (other than by the death of the insured) in the interest, title or possession, whether by legal process or judicial decree or voluntary transfer of the assured, then and in every such case this policy shall be void * * * or if the property become subject to lien or incumbrance by virtue of any mortgage, deed, or trust, judgment or decree, then, and in every such case this policy shall be void, unless otherwise provided by agreement indorsed hereon."

Attached to the policy was a "mortgage clause," by which the loss, if any, was payable to Danville Building Association, etc., which clause expressly provided that as to the interest of the mortgagor no act or neglect of the insured should invalidate the policy. Proofs of loss having been made, the appellant companies paid to said mortgagee $1,111.18, being the proportion of those companies upon the mortgage, leaving unpaid upon the face of the policies, $888.82, which was claimed by the assignee and for which the companies denied liability, whereupon the assignee brought suits, and the issues having been submitted to the court, a jury being waived, recovered judgments for said balance, from which the said companies have prosecuted these appeals.

They insist that by reason of said judgments, as well as because of the making of said assignment and the delivery of possession thereunder, the conditions of the insurance were broken and they were discharged.

They also insist that the assignee, having no contractual relations with them, can not sue them.

The provision of the policy above quoted as to sale, transfer or change of interest, title or possession, is very broad and comprehensive. If any sale or transfer of the property or any interest, or any change in the title, interest or possession takes place, the policy is void. Language could hardly be more explicit. The assured transferred to the assignee all his property, including that covered by the policy, and surrendered possession accordingly.

Very clearly this worked a change in his title, interest and possession. It is not deemed necessary to discuss the various arguments adduced by counsel and the authorities cited in support of their respective positions. We have given the subject due consideration, and are of the opinion the making of the assignment and the delivery of possession thereunder worked a forfeiture of the insurance.

May on Insurance, Sec. 264, says it is a general principle that the insured can not recover unless he has an interest in the property at the time of the loss, and that an absolute alienation works a forfeiture, whether so stipulated in the policy or not, if the property remains out of the insured at the time of the loss, and that a transfer to the assignee by decree of court of a bankrupt's estate under the bankrupt laws of the United States upon the bankrupt's petition is an alienation. In such case the property is vested in the assignee, and though the proceedings may be stayed and the property may revest in the bankrupt, this is a contingency too remote to be considered the foundation of an insurable interest in the bankrupt; and he adds: "And of course a voluntary assignment for the benefit of creditors is equally a transfer, unless possession be retained by the assignor."

Authorities may perhaps be found to the effect that when the assignor is not, by the insolvency proceedings, discharged from the payment of his debts, he still retains an insurable interest. We can not concede that such ruling could be well made, in the face of the provision in this policy. As was said in Young v. Eagle Fire Ins. Co., 14 Gray, 150,

" The question here is not merely whether there was an insurable interest. The rights of the parties are to be settled by reference to this policy, made and accepted under the conditions and limitations expressed in the by-laws as declared on the face of the policy."

Much as courts may deprecate the effort of insurance companies to hedge their liability with numerous and unreasonable conditions, it is the judicial province to enforce the contract as parties have made it, unless modified by waiver or estoppel, without inserting conditions which the parties have not made. Whatever may be the contingent interest of the assignor in the subject-matter of his estate and whatever may be his liability for the portion of his indebtedness not discharged by the proceedings under the assignment, there can be no question that the title to the property has passed from him; his authority and dominion over it have wholly ceased; his possession is gone. In a contingency, a part of the proceeds may be returned to him, possibly some of the property may be returned in specie, but this is wholly uncertain, and according to all experience, most unlikely. To say that an act attended with such consequences does not operate to produce a substantial change " in the interest, title or possession," is to deliberately reject and ignore the plain meaning of the language used in the policy.

So of the provision relating to liens by judgment. The terms there employed need no construction and can not well be misunderstood.

Precedents are not wanting upon this point. Among others, Seybert v. Ins. Co., 103 Penn. St. 232, may be cited, but if there were no precedents we could not hesitate. It is not important to determine the exact reason for inserting such conditions in a policy. It is enough to say, however, that the contract of insurance is personal. The person named is insured to the extent and under the conditions prescribed upon the property named. It may or may not be equally as safe to continue the insurance when his circumstances change or when by reason of his acts or business liabilities other interests intervene. The condition that such changes

shall vitiate the contract is not against good morals or public policy and when it has not been waived it must be enforced. It will not do to inquire whether in this instance the loss was in any respect to be attributed to such changes, for that would be to add a clause to the condition by way of limitation. The condition should be regarded as it reads.

In the view we thus take of the case, there is no occasion to consider the point that the assignee could not sue in his own name. If the policy was vitiated there was no right of recovery and it is immaterial who is the plaintiff when there is no liability to any.

We are of opinion there was no cause of action. The judgment will be reversed but the case will not be remanded.